### J. MICHAEL MALONEY, Petitioner

v.

### BOARD OF TAX REVIEW, TAX ASSESSOR, COMMISSIONER OF FINANCE, GOVERNMENT OF THE VIRGIN ISLANDS, Respondents

Civil No. 78-320

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 16, 1980

CHARLES S. WAGGONER, ESQ., St. Thomas, V.I., *for petitioner*

IVE A. SWAN, ESQ., Attorney General of the Virgin Islands, By: LENA A. WILSON, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for respondents*

CHRISTIAN, *Chief Judge*

## MEMORANDUM OPINION

Petitioner J. Michael Maloney has appealed a decision of the Board of Tax Review affirming the Tax Assessor's computation of his 1975 real property tax assessment. Presently, the appeal is before the Court on a motion of defendant Government of the Virgin Islands to dismiss for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The motion to dismiss will be denied.

Despite minor inconsistencies, the essential facts are not in dispute. Petitioner filed appeal No. 2389, an appeal of his 1975 property tax bill, with the Board of Tax Review on or before November 15, 1976, the deadline for filing appeals of 1975 property tax bills.[1] A hearing before the Board was held on March 17, 1977.[2]

---

[1] Act No. 3820, June 24, 1976, extended the deadline under 33 V.I.C. § 2451 for appeals of 1975 tax assessments.

[2] Thus, the Board failed to comply with the requirement of 33 V.I.C. § 2452 that the Board must hold a hearing within sixty (60) days of the filing of a written complaint.

On September 26, 1978, the Board's decision regarding petitioner's appeal was mailed to petitioner and the mailing was recorded as required by 33 V.I.C. § 2454. Section 2454 states that proper recordation is conclusive evidence of the mailing of the notice. The notice was mailed to petitioner's correct address at the time but was returned to the sender "unclaimed". Petitioner filed this appeal on November 1, 1978, after being served with a notice of attachment of the subject property for nonpayment of his 1975 real property tax.

■ ■ At issue is the significance of the facts recited above in light of the requirement of 33 V.I.C. § 2453(c) that a dissatisfied petitioner must seek review in the District Court "within 30 days after receipt from the Board of the notice provided in Section 2454". This Court now holds that "receipt" of notice is not the equivalent of a letter being delivered to the correct address. In order to be "received", a signed receipt for the notice must be obtained from either the intended recipient personally or from a lawful representative. Delivery to petitioner's mail or postal box does not so qualify. Thus, petitioner has filed within the requisite time limit since, technically speaking, he never "received" notice from the Board. Accordingly, this Court has jurisdiction over petitioner's appeal.

This result is consistent with the equities of the case. Firstly, since the Board did not send the notice until September 26th at the earliest, and perhaps a few days later in light of the October postmarks on the envelope, it is most probable that the letter was not delivered to petitioner's address before the beginning of October. This inference is also supported by the facts that there are only 30 days in September and the generally slow mail service to which we have all become accustomed. Since petitioner filed his appeal on November 1, 1978, it is extremely likely that petitioner filed his appeal within 30 days of the delivery of the notice to his address. Therefore, even if "receipt" were interpreted to mean delivery to the correct address, petitioner would still prevail. Finally, the Court is also cognizant of the Board's failure to comply with the statutory time limits for holding a hearing and for rendering a decision on petitioner's appeal. Thus, it would be inequitable to penalize petitioner for a fault to which the Board succumbed as well.

## ORDER

The premises considered and the Court being fully advised

IT IS ORDERED that the motion of the Government to dismiss for lack of jurisdiction over the subject matter be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that, in light of the resolution of the jurisdictional issue, the Government respond to petitioner's pending motion for summary judgment within twenty (20) days of the date of this Order.